UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21424-CIV-O'SULLIVAN

[CONSENT]

ABEL LARGUELLES and all others
similarly situated under 29 U.S.C.
§ 216(B),

    Plaintiffs,

v.

BAY CARPETS,INC., ROGELIO
RODRIGUEZ and EDUARDO
RODRIGUEZ,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

THIS MATTER came before the Court sua sponte following a settlement conference before the undersigned. At a hearing on November 20, 2007, the Court heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record and was otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation

"is more likely to reflect a reasonable compromise of disputed issues."  Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation.  Id. at 1354.

In this case, there is a bona fide dispute over FLSA provisions, as evidenced by the claims alleged in the complaint.  The Court finds that the compromise reached by the parties under the terms of the Settlement Agreement is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

ORDERED AND ADJUDGED that the parties' Settlement Agreement is hereby **APPROVED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **20th** day of November, 2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record